IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| AGRIGPROCESSORS, INC., ) | |
| ) | Bankruptcy No. 08-02751 |
| Debtor. ) | |
| ) | |
| JOSEPH E. SARACHEK, ) | |
| in his capacity as Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff/Appellee, ) | Adversary No. 10-9234 |
| ) | |
| v. ) | |
| ) | |
| LUANA SAVINGS BANK ) | |
| ) | |
| Defendant/Appellant. ) | |

**RULING AND ORDER RE MOTION FOR STAY PENDING APPEAL AND APPROVAL OF A SUPERSEDEAS BOND**

The matter before the Court is Luana Savings Bank's Motion for Stay Pending Appeal and Approval of a Supersedes Bond. The Court held an expedited telephonic hearing on this request on April 8, 2016. Dan Childers appeared for Plaintiff/Appellee Trustee Joseph Sarachek ("Trustee"). Dale Putnam appeared for Defendant/Appellant Luana Savings Bank ("LSB"). The parties requested an opportunity to brief the issue on an expedited schedule. The Court has received and reviewed the briefs and enters the following ruling and order.

LSB brought this matter before the Court after the United States District Court for the Northern District of Iowa affirmed this Court's order awarding $1,556,782.89 to the Trustee on his preferential transfer claim. LSB cites Federal Rule of Bankruptcy Procedure 8007 for its authority that it needs to bring this request for stay or stay on bond before this Court because it is this Court's order that resulted in the award and judgment.

At the expedited hearing on this matter, the Court indicated a reluctance to stay the proceedings under Federal Rule of Civil Procedure 62 without requiring LSB to post a bond. The Court heard arguments on the proper amount of a bond and, in particular, whether a bond in the full amount of the judgment plus interest was required by the law. The parties were given an opportunity to brief the matter.

LSB argues that the Court has authority under Rule 62 to impose a stay of execution pending appeal without requiring a LSB to post a bond. LSB argues that the Court may set a bond requirement for less than the full amount of the judgment. LSB asks the Court to stay execution without requiring a bond and, in the alternative, to stay execution upon LSB posting $1,000,000 in cash.

Trustee argues that Rule 62 directs a stay conditioned on the posting of a bond. Trustee argues that a bond for the full amount of the judgment is usually required for a stay pending appeal. Trustee argues that LSB has not demonstrated why the Court should depart from this usual requirement.

Federal Rule of Bankruptcy Procedure 7062 applies Federal Rule of Civil Procedure 62 to adversary proceedings. Fed. R. Bankr. P. 7062. Federal Rule of Civil Procedure 62 states that "[i]f an appeal is taken, the appellant may obtain a stay by supersedes bond . . . ." Fed. R. Civ. P. 62(d). Courts generally require a supersedes bond for the full amount of the judgment for a stay pending appeal. Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966) (memorandum of Harlan, J.) ("This stay is conditioned upon the posting of a good and sufficient surety bond in the principal amount of the judgment and providing for costs, interest and damages for delay."); Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986) (examining Federal Rule of Civil Procedure 62 and finding that "a full supersedeas bond should be the requirement in normal circumstances"). In extraordinary circumstances, however, a court may enter a stay without requiring a full bond or any bond. See id. at 873–74; see also Myers v. Mid-W. Nat'l Life Ins. Co., No. CIVA 04CV00396CMAKLM, 2009 WL 306366, at *1 (D. Colo. Feb. 6, 2009) ("The court's discretion regarding security arrangements and bonds extends both to their nature and their amount." (internal quotation marks omitted)). "The appellant bears the burden to demonstrate a good reason for departing from the usual requirement of full security." Myers, 2009 WL 306366, at *2.

The Court agrees with Trustee. LSB has shown no extraordinary circumstances here, nor made any attempt to do so. Without a showing of extraordinary circumstances, a bond in the full amount of the judgment is generally required. Thus, the Court grants a stay conditioned on LSB posting a supersedes bond in the amount of $1,600,000.

The Court enters a temporary stay until 5:00 pm on April 14, 2016 to allow LSB to secure and post the bond.

**WHEREFORE**, Luana Savings Bank Motion for Stay Pending Appeal and Motion for Approval of Supersedes bond is GRANTED conditioned on the posting of a $1,600,000 bond.

Dated and Entered: April 13, 2016

_____
THAD J. COLLINS
U.S. BANKRUPTCY JUDGE